**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RUBY SUE ZAMORA** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:25-cv-1335-P** |
| | § | |
| **BRIAN SCOTT AGENCY, LLC** | § | |

**FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE**

The above-styled and numbered action, which was filed by *pro se* Plaintiff Ruby Sue Zamora ("Zamora") on November 21, 2025, was referred to the undersigned pursuant to a standing order of this Court. Although more than 90 days have passed since the filing of the original complaint, there is no proof of service for any Defendant named in this case. Federal Rule of Civil Procedure ("Rule") 4(m) provides that defendants must be served within 90 days after the complaint is filed. Rule 4(m) also states that if a defendant is not served within the 90 days, "[a court] must dismiss the action without prejudice against that defendant or order that service be made within a specified time" after providing notice[1] to the plaintiff. Fed. R. Civ. P. 4(m). As of the date of this Order, one hundred and ninety-six days have elapsed with no proof of service filed by Zamora. Consequently, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failure to effectuate proper service unless Zamora provides proof of service for her failure to serve Defendant within the fourteen-day objection period.[2] *See id.*

---

[1] This Finding, Conclusion, and Recommendation provides notice to Zamora.

[2] The Court does not recommend extending the time to serve Defendant beyond the 14-day objection period because Zamora has already been warned about the consequences of not timely serving Defendant and was given an extension of time to do so. (*See* Order Regarding Failure to File Proof of Service [doc. 15] at 1.)

1

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until June 18, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. As no opposing party has been served, there is no need to provide additional time to file a response to any objections prior to ruling on these findings, conclusions, and recommendation.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 4, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3